1  Vahag Matevosian (State Bar No. 283710)
2  Email: consumerlitigationteam@kaass.com
   **KAASS LAW**
3  313 East Broadway, # 944
   Glendale, California 91209
4  Telephone: 310.943.1171

5
   Attorney for Plaintiff
6  KIARASH MOHAMMADI

7

8              UNITED STATES DISTRICT COURT
             CENTRAL DISTRICT OF CALIFORNIA
9

10 KIARASH MOHAMMADI, an          ) Case No.: 2:12-cv-08778-PSG-(CWx)
   individual;                     )
11           Plaintiff,            ) **SECOND AMENDED COMPLAINT**
                                    ) **FOR:**
12     vs.                         )
                                    )
13                                  )   1. **Willful Violations of Federal Fair**
   CHASE BANK USA NA, a National   )      **Credit Reporting Act, 15 U.S.C. §**
14 Association;                     )      **1681s-2(b);**
   MIDLAND FUNDING LLC, a Delaware )   2. **Negligent Violations of Federal**
15 Limited Liability Company;      )      **Fair Credit Reporting Act, 15**
           Defendants.             )      **U.S.C. § 1681s-2(b);**
16                                  )   3. **Intentional Violations of**
17                                  )      **California Consumer Credit**
                                    )      **Reporting Agencies Act, Cal. Civ.**
18                                  )      **Code § 1785.25(a);**
19                                  )   4. **Negligent Violations of California**
                                    )      **Consumer Credit Reporting**
20                                  )      **Agencies Act, Cal. Civ. Code §**
                                    )      **1785.25(a);**
21                                  )   5. **Violations of Federal Fair Debt**
22                                  )      **Collection Practices Act, 15**
                                    )      **U.S.C. §§ 1692(e), 1692(f) and**
23                                  )      **1692(g);**
24                                  )   6. **Violation of California Rosenthal**
                                    )      **Fair Debt Collections Practices**
25                                  )      **Act, Cal. Civ. Code § 1788.17.**
26                                  )
                                    ) **JURY TRIAL DEMANDED**
27 ─────────────────────────────────)

28

Plaintiff, through counsel, alleges:

## I. NATURE OF ACTION

This is a private action brought by Plaintiff, KIARASH MOHAMMADI ("Plaintiff") against Defendants CHASE BANK USA N.A. ("CHASE") and MIDLAND FUNDING, LLC /aka/ MIDLAND CREDIT MANAGEMENT, INC, ("MIDLAND") (collectively "Defendants") for violations of Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b); Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692(e), 1692(f) and 1692(g); and their equivalent State Acts: Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25(a); and Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788.17.

## II. JURISDICTION AND VENUE

1.      This Court has jurisdiction under 15 U.S.C. § 1681p, Cal. Civ. Code § 1785.33, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

2.      This Court has supplemental jurisdiction over the State claims under 28 U.S.C. § 1367(a).

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts or events giving rise to Plaintiff's action occurred in the State of California in the Central District of California, where Plaintiff resides in the said State and district, and where Defendants transact business in said State and district.

## III. PARTIES

4.      Plaintiff is an individual who at all relevant times resided in the State of California, County of Los Angeles.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) and Cal. Civ. Code § 1785.3(b).

6.      Defendants are each a "person" as defined by 15 U.S.C. § 1681a(b) and Cal. Civ. Code § 1785.3(j).

7.      Defendants are each a "furnisher of information" as referenced under 15 U.S.C. § 1681s-2 who, as part of their regular course of business, furnish information concerning

1  consumers to the Credit Reporting Agencies. Each of the Defendants here has furnished
2  account information on Plaintiff's credit reports maintained by the Credit Reporting Agencies
3  as illustrated by Plaintiff's credit reports attached as exhibits hereto.

4       8.    Defendant MIDLAND is a "debt collector" as defined by 15 U.S.C. § 1692a(6)
5  and Cal. Civ. Code § 1788.2(c), who at all relevant times was engaged in the business of
6  collecting or attempting to collect consumer debts, as defined by 15 U.S.C. § 1692a(5). A true
7  and correct copy of MIDLAND's official webpage is attached hereto as Exhibit A.

8       9.    When a reference in this Second Amended Complaint is made to any act or
9  omission of Defendants' corporation, company, association, business entity, or partnership,
10 such allegation shall be deemed to mean that the Defendants and their owners, officers,
11 directors, agents, employees, or representatives did or authorized such act or omission while
12 engaged in the management, direction, or control of the affairs of Defendants and while acting
13 within the scope and course of their duties.

14             **IV. FACTS SUPPORTING EACH CLAIM**

15      10.    On or about May of 2012, Plaintiff obtained his credit reports maintained by the
16 three major credit reporting agencies: Experian, Equifax, and TransUnion (collectively
17 "CRAs"). Upon review of the information contained in his credit reports, Plaintiff discovered
18 accounts in derogatory status furnished by Defendants CHASE (Partial Account No.
19 549477600205....) and MIDLAND (Partial Account No. 854411...) (collectively
20 "Accounts"). Notably, Defendants CHASE and MIDLAND were concurrently reporting the
21 same account.

22      11.    After thorough review of the above referenced accounts, and after independent
23 attempts to confirm the origin of the accounts through examination of and comparison with his
24 personal financial records, Plaintiff, based on the information available to him, could not
25 differentiate or confirm the existence, ownership, and accuracy of the reported accounts, for
26 the duplicate reporting created a confusion and for the further reasons enumerated below.
27 Plaintiff therefore believed that these accounts either did not belong to him or were otherwise
28 being wrongly reported on his credit reports.

12.     As to Defendant CHASE for the Account #549477600205...., Plaintiff arrived at the conclusion that the account does not belong to him or that there is an inaccuracy on his credit reports when he noticed that the "Creditor's Statement" on the reports for this account listed the accounts as "Purchased by another lender." Because this account was "purchased by another lender," CHASE did not have ownership interest in this account and could not possibly have the knowledge as to the current status of the account, or the information and documentation, necessary to verify it upon reinvestigation. A true and correct copy of Plaintiff's Experian and TransUnion credit reports for this account are attached hereto as Exhibit B.

13.     Plaintiff's conclusion is supported by CHASE's own admission that it cannot locate the disputed account. CHASE, a sophisticated financial institution, could not find the account with just Plaintiff's name and the partial account number which it reports to CRAs. A true and correct copy of a letter received from CHASE's attorneys is attached hereto as Exhibit C, attesting to the fact that they cannot locate the account.

14.     As to Defendant MIDLAND for the Account #854411..., Plaintiff arrived at the conclusion that there was an inaccuracy on his credit reports because Plaintiff did not initiate any transaction with MIDLAND, and was not familiar with MIDLAND's brand name. A true and correct copy of Plaintiff's Experian credit report for this account is attached hereto as Exhibit D.

15.     Defendants CHASE and MIDLAND were simultaneously reporting the same debt account; as such, creating a duplicate reporting of the same debt and further damaging Plaintiff's credit score and creditworthiness.

16.     In light of these inaccuracies, described above, on or about May 24, 2012, pursuant to 15 U.S.C. § 1681i(a)(1), Plaintiff submitted written disputes to CRAs disputing the existence, ownership, and accuracy of the above-referenced accounts reported by CHASE and MIDLAND.

17.     CRAs did not find Plaintiff's dispute to be frivolous or inform Plaintiff that they will not forward his dispute to Defendants CHASE and MIDLAND. As a consumer, Plaintiff

**SECOND AMENDED COMPLAINT**

is not privy to the details of the contact between CRAs and Defendants. Plaintiff's credit report attached hereto as Exhibits B and D, however, attest that CRAs received and processed Plaintiff's dispute.

18.     During and upon completion of the investigation period, Defendants CHASE and MIDLAND continued reporting disputed accounts to CRAs, and individually continue to report these accounts inaccurately, as of the filing of this Second Amended Complaint. Plaintiff's Experian credit report attached hereto as Exhibits B and D attest to this fact.

19.     On or about June 18, 2012, Plaintiff, through authorized agent, also mailed dispute letters to Defendants CHASE and MIDLAND explaining the bases for his belief that each account was being falsely reported, requesting that they provide documentation substantiating the existence, ownership, and accuracy of the accounts as reported to CRAs, and asking them to tender documented proof of an existing contractual obligation between Plaintiff and each of these Defendants. Alternatively, in the event that these Defendants were unable to provide such documentation, Plaintiff requested the deletion of the unverifiable accounts reported by each of these Defendants.

20.     Plaintiff's June 18, 2012 letter, above, addressed to Defendant MIDLAND additionally requested that MIDLAND prove, in addition to the existence, ownership, and accuracy of the disputed account, the legal right to collect the disputed debt through the production of documentation.

21.     On or about July 19, 2012 and September 19, 2012, Plaintiff again sent letters to Defendants CHASE and MIDLAND, through authorized agent, to follow up on his previous request for production of documents to support any alleged verifications. Each of these Defendants failed to produce any proof of verification of their respective accounts.

22.     In total, Plaintiff submitted one CRA dispute and addressed at least three separate letters to Defendants CHASE and MIDLAND requesting proof of investigation and verification justifying their continued reporting of the accounts with the CRAs. Defendants, however, repeatedly and continuously disregarded these requests by failing to produce such proof. Thus, it is reasonable to presume that Defendants did not conduct a reasonable

SECOND AMENDED COMPLAINT

1  investigation, and do not have confirmative support for the existence, ownership, and accuracy
2  of the accounts.

3      23.    As to Defendant CHASE, Plaintiff believes CHASE verified a debt to CRAs that
4  it had previously sold to another lender without knowledge of the current status of the account,
5  information and documentation, making such verification possible. CHASE, could not have
6  conducted a reasonable investigation without possessing ownership interest in the account, and
7  knowledge, information, and documentation in light of having transferred the debts to other
8  lenders.

9      24.    Moreover, CHASE, in some magical way, verified the account to CRAs at time
10 of Plaintiff's dispute, and yet, now claims it cannot even locate the account. At time of
11 Plaintiff's dispute, the same information CHASE used to purportedly verify the account to
12 CRAs, Chase cannot now use to even locate the account, much less claim to have conducted
13 reinvestigation and confirmed its accuracy.

14     25.    As to Defendant MIDLAND, Plaintiff cannot fathom how MIDLAND could
15 have possibly verified, much less collect on an account, when its original creditor cannot even
16 locate or prove the existence, ownership, and accuracy.

17     26.    As of this date, Defendants CHASE and MIDLAND each tenaciously continue
18 to inaccurately maintain the unverified accounts on Plaintiff's credit reports.

19     27.    As a result of Defendants' reporting of the above-referenced unverified accounts,
20 Plaintiff's creditworthiness has been, and is being, negatively impacted. Defendants'
21 individual conduct, in turn, caused the Plaintiff, as a consumer and borrower, to suffer
22 financial and emotional distress, including but not limited to the following:

23     a.    Actual damages caused by monetary losses relating to denials to obtain new
24 credit, loss of existing funds, loss of credit and loan opportunities, excessive or elevated
25 interest rates and finance charges;

26     b.    Out of pocket expenses incurred as a result of communications with each
27 Defendant, in addition to fees paid to attorneys and credit professionals for assistance
28 attained in the process;

c.     Emotional distress and mental anguish associated with derogatory credit information reported by Defendants about Plaintiff to parties with access to Plaintiff's credit reports;

d.     Decreased credit rating and creditworthiness which resulted or will result in denials to obtain new credit, employment or housing on future attempts.

### V. FIRST COUNT - Against All Defendants

### (Willful Violations of FCRA, 15 U.S.C. § 1681s-2(b))

28.     Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

29.     Defendants knowingly, intentionally, and willfully disregarded their obligations imposed by FCRA, 15 U.S.C. § 1681s-2(b) upon furnishers of information with respect to the "reinvestigation duties" in the event of consumer disputes initiated through CRAs.

30.     Defendants violated 15 U.S.C. § 1681s-2(b)(1) because they failed to conduct a reasonable investigation of disputed information.  A reasonable investigation into Plaintiff's claims would have led each Defendant to conclude that information regarding their respective accounts was inaccurate.  Instead, Defendants blindly, and without any evidence of a thorough examination, affirmed the validity of clearly inaccurate accounts.

31.     Defendants violated 15 U.S.C. § 1681s-2(b)(2) because they failed to conduct a reasonable investigation calculated to lead to the verification, correction, or deletion of the information Plaintiff disputed within the statutorily mandated investigation period of thirty (30) days.

32.     Defendants' individual violations actually and proximately caused Plaintiff's injuries.

33.     Plaintiff prays for declaratory relief pursuant to 28 U.S.C. § 2201 and § 2202, that Defendants' are in violation of the FCRA.

34.     Plaintiff further prays for actual and statutory damages pursuant to 15 U.S.C. § 1681n (a)(1)(A); costs and attorney's fees pursuant to 15 U.S.C. § 1681n (c); and punitive damages for Defendants' willful noncompliance pursuant to 15 U.S.C. § 1681n (a)(2).

## VI.  SECOND COUNT - Against All Defendants

### (Negligent Violations of FCRA, 15 U.S.C. § 1681s-2(b))

35.    Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

36.    Defendants each negligently violated 15 U.S.C. § 1681s-2(b) because they breached their duty to conduct reasonable reinvestigation of disputed information and report accurate credit information. A Defendant does not conduct a reasonable investigation by simply reporting accounts as valid when it should know, through a simple examination, to be inaccurate.

37.    Defendants' individual violations actually and proximately caused Plaintiff's injuries.

38.    Plaintiff prays for declaratory relief pursuant to 28 U.S.C. § 2201 and § 2202, that Defendants violated the FCRA.

39.    Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681o(a)(1), and costs and attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2).

## VII.  THIRD COUNT - Against All Defendants

### (Intentional Violation of CCRAA, Cal. Civ. Code § 1785.25(a))

40.    Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

41.    Defendants knowingly, willfully, and intentionally disregarded their obligation to accurately report credit information pursuant to Cal. Civ. Code § 1785.25(a)— to refrain from reporting information that Defendants knew to be inaccurate or the accuracy of which was not known nor verified at the time of furnishing.

42.    Plaintiff's dispute letters submitted to each Defendant along with each Defendant's failure to prove the accuracy of their reporting put them on notice that the information they reported to the CRAs was inaccurate. As such, Defendants reported inaccurate information with knowledge.

43.    Defendants' individual violations actually and proximately caused Plaintiff's

1 | injuries.

2 |     44.   As a result of the Defendants' collective violations of the CCRAA, Plaintiff

3 | suffered personal humiliation, embarrassment, mental anguish, and emotional distress.

4 | Plaintiff is entitled to actual damages pursuant to Cal. Civ. Code § 1785.31(a)(2)(A); punitive

5 | damages for Defendants' willful noncompliance pursuant to Cal. Civ. Code §

6 | 1785.31(a)(2)(B); and injunctive relief ordering deletion of the subject unverified accounts

7 | from reporting with the CRAs pursuant to Cal. Civ. Code § 1785.31(b).

8 | **VIII.  FOURTH COUNT - Against All Defendants**

9 | **(Negligent Violation of CCRAA, Cal. Civ. Code § 1785.25(a))**

10 |     45.   Plaintiff repeats and repleads each and every allegation contained in all prior

11 | paragraphs and incorporates the same herein by reference.

12 |     46.   Defendants negligently breached their duty to report accurate credit information

13 | by disregarding their obligations under Cal. Civ. Code § 1785.25(a)— to refrain from

14 | reporting information that Defendants should have known to be inaccurate or the accuracy of

15 | which was not known nor verified at time of furnishing.

16 |     47.   Plaintiff's dispute letters submitted to Defendants along with each Defendant's

17 | failure to prove the accuracy of their reporting put them on notice that the information they

18 | reported is inaccurate. As such, Defendants reported inaccurate information negligently.

19 |     48.   Defendants' individual violations actually and proximately caused Plaintiff's

20 | injuries.

21 |     49.   As a result of the Defendants' violations, Plaintiff suffered personal humiliation,

22 | embarrassment, mental anguish, and emotional distress. Plaintiff is entitled to actual damages,

23 | including court costs and attorney's fees; pain and suffering, pursuant to Cal. Civ. Code §

24 | 1785.31(a)(1); and injunctive relief ordering deletion of the unverified accounts from reporting

25 | with the CRAs pursuant to Cal. Civ. Code § 1785.31(b).

26 | **FIFTH COUNT - Against Defendant MIDLAND**

27 | **(Violations of FDCPA, 15 U.S.C. §§ 1692(e), 1692(f) and 1692(g))**

28 | 1. | Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs

9
**SECOND AMENDED COMPLAINT**

1    and incorporates the same herein by reference.

2           2.      Defendant MIDLAND knowingly, willfully, and intentionally disregarded

3    the notice and disclosure requirements imposed under 15 U.S.C. § 1692g(a)—requiring

4    this Defendant to notify Plaintiff of the purported debt and of Plaintiff's rights under the

5    FDCPA.

6           3.      Defendant MIDLAND knowingly, willfully, and intentionally failed to cease

7    collection activities upon notice of dispute.

8           4.      Specifically, this Defendant disregarded Plaintiff's request for debt

9    validation and continued reporting the alleged debt to CRAs throughout the investigation

10   period and in the absence of proper validation in violation of 15 U.S.C. § 1692g(b).

11          5.      Defendant MIDLAND used false, deceptive, and misleading representation

12   or means in their attempts to collect purported debt from Plaintiff.

13          6.      Defendant MIDLAND falsely represented the character, amount, or legal

14   status of the purported debt to Plaintiff through CRAs in violation of 15 U.S.C. § 1692e(2).

15          7.      Defendant MIDLAND communicated to CRAs credit information which it

16   knew or should have known to be false in violation of 15 U.S.C. § 1692e(8).

17          8.      Plaintiff's dispute letters submitted to this Defendant along with its failure to

18   prove the validity of the debt put them on notice that credit information it reported is false.

19   As such, MIDLAND reported false information with knowledge and/or negligence.

20          9.      Defendant MIDLAND used unfair or unconscionable means in its attempts

21   to collect amounts not expressly authorized by any agreement creating the debt and not

22   permitted by law in violation of 15 U.S.C. § 1692f(1). Specifically, the Defendant reported

23   a collection account in the absence of agreements creating debt and expressly authorizing

24   it to collect such debt.

25          10.     Defendant MIDLAND reported a collection account to coerce Plaintiff to

26   make payments of debt for which the Defendant has no proof of validity or right to

27   collection.

28          11.     Defendant MIDLAND's violations actually and proximately caused

1  Plaintiff's injuries.

2      12.    As a result of Defendant MIDLAND's violations of the FDCPA, Plaintiff

3  prays for declaratory relief. Plaintiff is further entitled to actual damages pursuant to 15

4  U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2); and costs

5  and attorney's fees per 15 U.S.C. § 1692k(a)(3).

6  **SIXTH COUNT - Against Defendants MIDLAND**

7  **(Violation of RFDCPA, Cal. Civ. Code § 1788.17)**

8      13.    Plaintiff repeats and repleads each and every allegation contained in all prior

9  paragraphs and incorporates the same herein by reference.

10      14.    Plaintiff specifically repeats and repleads herein by reference each and every

11  claim brought under the Federal FDCPA pursuant to Cal. Civ. Code § 1788.17.

12      15.    As a result of Defendant MIDLAND's violations of the RFDCPA, Plaintiff

13  suffered personal humiliation, embarrassment, mental anguish, and emotional distress.

14  Plaintiff is entitled to actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory

15  damages pursuant to Cal. Civ. Code § 1788.30(b); and costs and attorney's fees per Cal.

16  Civ. Code § 1788.30(c).

17  **XII.  PRAYER FOR RELIEF FOR ALL COUNTS**

18      WHEREFORE, Plaintiff prays for relief against Defendants as follows:

19      1.  Actual damages;

20      2.  Statutory damages;

21      3.  Civil penalties;

22      4.  Legal fees and costs;

23      5.  Prejudgment and postjudgment interest;

24      6.  Punitive damages;

25      7.  Declaratory relief;

26      8.  Injunctive relief;

27      9.  Any additional remedies as the court deems proper.

28

1

DATED: February 18, 2013

KAASS LAW

By:

Vahag Matevosian
Attorney for Plaintiff
KIARASH MOHAMMADI

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

+ Got Feedback? Take Our Customer Satisfaction Survey

# Midland Credit Management

- Make a Payment
- Forms
- Consumer Bill of Rights

Enter your search term...   [Search]

consumers resolve past-due debt obligations. By providing customers with education and payment their credit and reinstating their borrowing power.

www.mcmcollect.com

## A global resource dedicated to your success

*Please understand that this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

and agents around the world working to help consumers like you.

Who

to see your latest offers

**EXHIBIT B**



**Experian**

A world of insight

| Logout | Report Summary | Potentially Negative Items | Accounts in Good Standing | Requests for Your Credit History | Personal Information | Your Personal Statement | Get Credit Monitor | Get Credit Score |

## Potentially Negative Items or Items for Further Review

What does potentially negative or items for further review mean?

What if I think listed accounts are duplicates?

What if I feel there is an error?

Experian credit report prepared for
**KIARASH MOHAMMADI**

Your report number is

Report date: **February 19, 2013**

**Credit Report Toolkit:**
Print your report
Credit Education
Know your rights
Credit Fraud Center

Are you at risk for
**IDENTITY THEFT?**

High-Risk

Help reduce your risk with **ProtectMyID**™ from Experian

Get Protected ▶
with enrollment in PMID

Experian

**Item Detail**

Dispute this item >>

CHASE BANK USA

**Address:**
PO BOX 15298
WILMINGTON, DE 19850
(800) 955-9900

**Account Number:**
549477600205....

Add Triple Alert℠ Credit Monitoring for only $4.95 per month!

**Address Identification Number:** 0176835456

Get the Score!
Add your Credit Score for only $7.95

GET IT NOW ▶

**Status:**
Closed. $2,483 written off.

| | | |
|---|---|---|
| **Date Opened:** 05/2007 | **Type:** Credit card | **Credit Limit:** $2,000 |
| **Date of Status:** 01/2012 | **Terms:** N/A | **High Balance:** $5,519 |
| **Reported Since:** 06/2007 | **Monthly Payment:** $0 | **Recent Balance:** $0 |
| **Last Reported Date:** 01/2012 | **Responsibility:** Individual | **Recent Payment:** $0 |

**Creditor's Statement:**
Purchased by another lender.

Request an investigation

## CHASE/BANK ONE CARD SERV #549477600205****

PO BOX 15298
WILMINGTON, DE 19850
(800) 945-2006

| | | | | | |
|---|---|---|---|---|---|
| Date Opened: | 05/07/2007 | Balance: | $0 | Pay Status: | >Charged Off< |
| Responsibility: | Individual Account | Date Updated: | 12/07/2011 | Terms: | Paid Monthly |
| Account Type: | Revolving Account | Last Payment Made: | 03/16/2011 | Date Closed: | 07/03/2011 |
| Loan Type: | CREDIT CARD | High Balance: | $5,519 | Date Paid: | 03/16/2011 |
| | | Credit Limit: | $2,000 | | >Maximum Delinquency of 120 days in 11/2010 and in 12/2010< |

**Account Sale Info:** ACCOUNT SOLD TO MIDLAND CREDIT MANAGEMENT
**Remarks:** ACCT INFO DISPUTED BY CONSUMR; PURCHASED BY ANOTHER LENDER; TRANSFERRED TO ANOTHER OFFICE
**Estimated month and year that this item will be removed:** 04/2018

**EXHIBIT C**



Armen Kiramijyan, Esq.
Vahag Matevosian, Esq.
Adam Walker, Esq.
January 4, 2013                                                                 Page 3

Sincerely,

ROPERS, MAJESKI, KOHN & BENTLEY, PC

George G. Weickhardt

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the
Internal Revenue Service, we inform you that any U.S. tax advice contained in this
communication (or in any attachment) is not intended or written to be used, and cannot be used,
for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any transaction or matter addressed in this
communication (or in any attachment).

---

[1] We have asked you to provide the full account number or the social security number for the *Mohammadi* account,
which we cannot locate with just his name.



**Experian**
A world of insight

## Potentially Negative Items or Items for Further Review

❓ What does potentially negative or items for further review mean?

❓ What if I think listed accounts are duplicates?

❓ What if I feel there is an error?

Experian credit report prepared for
**KIARASH MOHAMMADI**

Your report number is

Report date: **February 19, 2013**

Are you at risk for **IDENTITY THEFT?**

**Low-Risk**

Help reduce your risk with **ProtectMyID**™ from Experian®

**Get Protected** ⊙
with enrollment in PMID

∷ **Experian**

**Add Triple Alert**℠ **Credit Monitoring** for only $4.95 per month!

**Get the Score!** Add your Credit Score for only $7.95

CHECK NOW ▶

**Credit Report Toolkit:**
Print your report
Credit Education
Know your rights
Credit Fraud Center

**[ Dispute this item >> ]**

**Item Detail**

MIDLAND FUNDING

| | | |
|---|---|---|
| **Address:** | **Account Number:** | **Original Creditor:** |
| 8875 AERO DR STE 200 | 854411.... | CHASE BANK USA N.A. |
| SAN DIEGO, CA 92123 | | |
| (800) 825-8131 | | |

**Address Identification Number:** 0665819211

**Status:**
NO STATUS.

| | | |
|---|---|---|
| **Date Opened:** | **Type:** | **Credit Limit:** |
| 12/2011 | NA | N/A |
| **Date of Status:** | **Terms:** | **High Balance:** |
| 02/2012 | 1 Months | N/A |
| **Reported Since:** | **Monthly Payment:** | **Recent Balance:** |
| 02/2012 | N/A | N/A |
| **Last Reported Date:** | **Responsibility:** | **Recent Payment:** |
| N/A | Individual | N/A |

**Your Statement:**
Account in dispute under Fair Credit Billing Act.

**[ Add a statement >> ]**