UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#29

CIVIL MINUTES - GENERAL

| Case No. | CV 12-8778 PSG (CWx) | Date | April 19, 2013 |
|---|---|---|---|
| Title | Kiarash Mohammadi v. Bank of America, N.A., et al. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):              Attorneys Present for Defendant(s):

Not Present                                              Not Present

**Proceedings:**   **(In Chambers) Order SEVERING Defendant and GRANTING Motion to Dismiss**

Before the Court is Defendant Chase Bank N.A.'s ("Chase") motion to dismiss. Dkt. # 29. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the moving and opposing papers, the Court SEVERS Defendant Chase and GRANTS the Motion to Dismiss.

I.   Background

Plaintiff Kiarash Mohammadi ("Plaintiff") originally brought this suit against Defendants Bank of America, N.A. ("Bank of America"), Chase, Capital One, N.A., and Midland Funding, LLC ("Midland") relating to allegedly inaccurate credit reports. *FAC* ¶¶ 11-12. The Court granted in part and denied in part Bank of America's motion to dismiss Plaintiff's First Amended Complaint ("FAC"), granting plaintiff leave to amend the deficiencies in the FAC. *See* Dkt. # 25. Defendants Bank of America and Capital One, N.A. have since been dismissed. *See* Dkts. # 28, 33. Chase and Midland remain are the two remaining Defendants ("Defendants"). Chase has now filed this motion to dismiss Plaintiff's Second Amended Complaint. *See* Dkt. # 29.

Plaintiff alleges that after "thorough review" of his accounts, he is unable to "differentiate or confirm the existence, ownership, and accuracy of the reported accounts" because there has been a "duplicate reporting." *SAC* ¶ 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#29

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8778 PSG (CWx) | Date | April 19, 2013 |
|---|---|---|---|
| Title | Kiarash Mohammadi v. Bank of America, N.A., et al. | | |

Plaintiff's SAC asserts causes of action for: (1) willful violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b); (2) negligent violations of FCRA, 15 U.S.C. § 1681s-2(b); (3) intentional violations of the California Consumer Credit Reporting Agencies Act ("CCCRA"), Cal. Civ. Code §§ 1785, et seq.; (4) negligent violations of the CCCRA, Cal. Civ. Code §§ 1785, et seq.; (5) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692(e), 1692(f), and 1692(g); and (6) violations of the California Rosenthal Fair Debt Collection Practices Act ("CFDCPA"), Cal. Civ. Code § 1788.17.  Chase states in its notice of motion that the SAC fails to allege facts sufficient to state a claim for relief.  *See* Dkt. # 29.  However, Chase attacks only the FCRA and CCRA causes of action (claims one through four) and does not argue that the FDCPA and CFDCPA claims are improper (claims five and six).  Chase also alleges that Defendants are improperly joined.

II.     Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts should be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Rather, the complaint must allege sufficient facts to support a plausible claim for relief.  *See id*.

In evaluating a Rule 12(b)(6) motion, the court must engage in a two-step analysis.  *See id.* at 1950.  First, the court must accept as true all non-conclusory, factual allegations made in the complaint.  *See Leatherman*, 507 U.S. at 164.  Based upon these allegations, the court must draw all possible inferences in favor of the plaintiff.  *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009).

Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the complaint alleges a plausible claim for relief.  *See Iqbal*, 129 S. Ct. at 1950.  Despite the liberal pleading standards of Rule 8, conclusory allegations will not save a complaint from dismissal.  *See id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#29

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8778 PSG (CWx) | Date | April 19, 2013 |
|---|---|---|---|
| Title | Kiarash Mohammadi v. Bank of America, N.A., et al. | | |

III.  Discussion

Defendant Chase moves to dismiss on the grounds that Plaintiff's SAC is defective because he fails to state a claim under FCRA and CCCRA, and that he has misjoined Chase and Midland in violation of Federal Rule of Civil Procedure 20(a)(2).  The Court will first address the issue of misjoinder.

A.  Misjoinder

Rule 20 of the Federal Rules of Civil Procedure regarding permissive joinder of defendants allows for such joinder provided that:  "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."  Fed R Civ. P. 20(a)(2)(A), (B).  Rule 20 is designed "to promote judicial economy, and reduce inconvenience, delay, and added expense."  *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir.1997) (citation omitted).

Rule 21 of the Federal Rules of Civil Procedure explains that "[m]isjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."  Fed. R. Civ. P. 21.  If the test for misjoinder is not satisfied, the Court may, in its discretion, sever the misjoined parties.  *Coughlin*, 130 F.3d at 1350.

Chase argues that Plaintiff has failed to allege that the allegations against Chase and Midland arose from the same transaction or occurrence.  Chase contends that "[t]here is no indication or allegation in the SAC that any of the negative reports are related in any way, or that the reasons that each defendant reported an account in the way it did are connected in any way." *Mot.* 15:9-12.  Plaintiff argues that "defendants have been properly joined in one complaint because *both* Defendants report the *same* account/debt in Plaintiff's credit reports." *Opp.* 14:20-21 (emphasis in *Opp.*).  The court agrees with Chase that the separate reporting of accounts by each Defendant cannot be considered the same transaction or occurrence and that the parties are therefore misjoined.  In a similar case, a plaintiff alleged that Chase and Midland were properly joined in an action for violation of the FCRA and CCCRA.  Both Chase and Midland had separately reported accounts to credit bureaus.  *Tataryan v. Chase Bank*, No. CV 12–08788 DDP (FMOx), 2013 WL 424778, *4 (C.D. Cal. Feb. 1, 2013).  The court found that:

Even if both Defendants had reported the same account, the court is not convinced

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#29

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8778 PSG (CWx) | Date | April 19, 2013 |
|---|---|---|---|
| Title | Kiarash Mohammadi v. Bank of America, N.A., et al. | | |

based on these allegations that their separate reporting would be comprised in the same transaction or occurrence, since the alleged facts give no indication that the reporting and refusal to correct the allegedly incorrect report on the part of one Defendant was connected to the same actions by the other Defendant.

*Id.* Plaintiff's attempt to distinguish *Tataryan* is unavailing. Plaintiff argues that *Tataryan* is different from this case because in *Tataryan*, both Chase and Midland separately reported information about separate accounts, where as here, both Chase and Midland separately reported information about the same account. *Opp.* 15:2-6. However, the fact that Defendants were reporting about the same account is insignificant because for purposes of the joinder analysis, what matters is that based on the allegations, Defendants separately reported information about the account. *See* SAC ¶¶ 12, 14-15, 18 (noting that Chase and Midland had separately reported the same debt account). Because they allegedly "individually continue to report these accounts inaccurately," SAC ¶ 18, they are not subject to joint liability and therefore joinder is improper. Like in *Tataryan*, there are no facts indicating that the reporting and alleged refusal to correct the incorrect report on part of Chase was connected to the same actions alleged as to Midland. Because the court finds that Chase was improperly joined, the Court declines to consider Chase's other grounds for dismissal. The court SEVERS Defendant Chase from this action and DISMISSES the action against Chase.

IV.     Conclusion

For the foregoing reasons, the court finds that Chase was improperly joined. The court SEVERS Defendant Chase from this action and DISMISSES the action WITHOUT PREJUDICE against Chase.

**IT IS SO ORDERED.**